UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVIN M. ZAHNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-cv-1704-RLW |
| | ) |
| LARRY CRAWFORD, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion for leave to proceed *in forma pauperis*, filed by petitioner Devin M. Zahner. The motion will be granted, and the petition will be dismissed, without prejudice.

Petitioner commenced this action on June 16, 2017. He submitted his pleading on a form used for bringing claims under 28 U.S.C. § 2254. However, he indicated he was a pre-trial detainee. State detainees may be able to seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241. This Court will therefore construe petitioner's claim as having been brought pursuant to § 2241.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy

was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy). However, a petition must contain enough facts to state a claim as a matter of law, and must not be merely conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Petitioner asserts one ground for relief, and specifically, "Right to fair and speedy trial Ilegal [*sic*] representation my attourney [*sic*] has been to court without me being present and without my permission." (Docket No. 1 at 5). For his facts in support, plaintiff simply writes "right to face my accusor [*sic*]." These allegations are conclusory and contain no facts which, if proved, would demonstrate that petitioner has been deprived of a right to a speedy trial. In addition, it is not apparent what "speedy trial" law petitioner believes has been violated. "The question of whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). Finally, this Court cannot involve itself in a conflict between petitioner and his appointed counsel. Although petitioner may believe that his attorney is not following his directives regarding his "speedy trial" rights, this does not entitle him to relief. When a defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. *See Houston v. Missouri*, 2013 WL 3852510 (E.D. Mo. Jul. 24, 2013) (citing cases). As a result, the Court will deny and dismiss the petition at this time, without prejudice.

The Court has also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve

2

the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Because petitioner herein has made no such showing, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of August, 2017.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3